(No. 2412— )

GEORGE IRA CURRY, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed January 10, 1935.*
*Rehearing denied October 17, 1935.*

BRYAN H. TIVNEN, for claimant.

OTTO KERNER, Attorney General, and JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

Claimant filed his complaint herein on June 21st, 1934, and alleges therein in substance, that prior to and on the 29th day of October, A. D. 1933 one Maurice Brunner was top sergeant of Company I, 130th Infantry, Illinois National Guard, which had its headquarters and armory at Salem, and which said Company was on active duty at Harrisburg on account of disorders in the mining region; that said Maurice Brunner was then the owner of a certain Ford automobile which he rented to the Company from October 5th to October 20th, 1933; that said Company as a part of its equipment had certain tear gas bombs consisting of a detonator and a shield or covering forming a chamber for the gas; that the detonator contained the cap or explosive used to explode the bomb; that such bombs and other equipment of the Company were carried and transported in the Ford car of said Maurice Brunner; that said car was returned to said Maurice Brunner by the officers of said Company on October 20th, 1933, being first unloaded at the Armory in Salem and checked in by the officers of said Company; that the officers of said Company carelessly and negligently failed and neglected to remove one of the detonators of said tear gas bombs from said car before returning the same to Maurice Brunner, and on the contrary, carelessly and negligently left said detonator in said car; that said officers well knew and appreciated the dangerous character of said detonator and the fact that said car was used by said Maurice Brunner for family purposes and for the transportation of invited guests; that on the 29th day of October, A. D. 1933, claimant and his wife were passengers in said car as invited guests of said Maurice Brunner; that while riding in said car claimant saw and found the detonator in question, picked it up, and handled and examined the same, having no knowledge or notice of the dangerous or explosive character thereof; that said detonator then and there exploded without any fault or neglect on the part of the claimant while he was examining the same as aforesaid; that by reason thereof claimant's thumb and the index finger of his right hand were blown off, and the second finger of his right hand was so shattered and mangled that it became necessary to amputate the same; that he was other-

wise painfully and permanently injured; that he has been put to considerable expense for necessary medical and hospital care and attention and was rendered unable to perform his business duties;—and asks for an award of $10,000.00 for the damages so sustained by him as aforesaid.

The Attorney General filed a motion to dismiss the case for the reason that the State is not liable for the negligence of the officers and enlisted men in the Illinois National Guard.

Thereafter the claimant amended his complaint by alleging that the tear gas bombs mentioned in the complaint were defective in construction, and by reason of such fact, the detonators became detached therefrom; that said detonators were likewise defective in construction and exploded prematurely by reason of such faulty and defective construction, and that the injuries sustained by the claimant were occasioned by the carelessness or negligence of the officers of said Company as aforesaid and the faulty and defective construction of said bomb and detonator.

Claimant filed suggestions in opposition to the motion to dismiss, and therein admits that there is no legal liability on the part of the respondent under the doctrine of respondeat superior, but maintains that he is entitled to an award under the so-called doctrine of equity and good conscience.

We are aware of the fact that during a certain period in the history of this court, awards were made in cases where the State was not legally liable, and which were sought to be justified on the grounds of what was known as the doctrine of equity and good conscience. However, the court as now constituted, has not seen fit to follow the decisions just referred to, but has followed the earlier decisions of the court to the effect that the provisions of Section 6 of the Court of Claims Act, and particularly Paragraph 4 thereof, which provides that this court shall have power to hear and determine all claims and demands, legal and equitable, liquidated and unliquidated, ex contractu and ex delicto, which the State as a sovereign commonwealth should, in equity and good conscience, discharge and pay;—does not increase or enlarge the liability of the State, but merely provides a forum wherein claims against the State may be adjudicated.

This question was exhaustively considered in the case of *Crabtree* vs. *State*, 7 C. C. R. 207, in which the authorities on

the question from the time of the creation of the court down to the date of the hearing, were analyzed and considered. After a consideration of the authorities on the question, we reached the following conclusion:

"We conclude, therefore, that Section four (4) of Paragraph six (6) of the Court of Claims Act, which provides as follows, to-wit: The Court of Claims shall have power: 'to hear and determine all claims and demands, legal and equitable, liquidated and unliquidated, ex contractu and ex delicto, which the State as a sovereign commonweath, should, in equity and good conscience, discharge and pay'; merely defined the jurisdiction of the court, and does not create a new liability against the State, nor increase or enlarge any existing liability; that the jurisdiction of this court is limited to claims in respect of which the claimant would be entitled to redress against the State either at law or in equity, if the State were suable; that this court has no authority to allow any claim unless there is a legal or equitable obligation on the part of the State to pay the same; however much the claim might appeal to the sympathies of the court; that unless the claimant can bring himself within the provisions of a law giving him the right to an award, he cannot invoke the principles of equity and good conscience to secure such an award.

"The claimant having failed to bring himself within the provisions of the law entitling him to an award, there is nothing this court can do but deny the claim."

The Legislature has not enacted any law making the State liable for the negligence of the officers or enlisted men in the Illinois National Guard, consequently there is no legal liability on the part of the State in this case, and this court has no jurisdiction to enter an award.

It is therefore ordered that an award be denied and the case dismissed.

OPINION ON REHEARING.

*Per Curiam:*

Claimant filed a petition for rehearing herein and contends that the court has entirely overlooked claimant's amendment to his original complaint alleging in substance that the tear gas bombs or grenades, as well as the detonators in question, were defective in construction and that the injury resulted by reason of such faulty and defective construction.

The amendment was not overlooked in the original opinion, but, on the contrary, is specifically referred to and the substance thereof set forth in such opinion.

The State acts only through its officers and agents, and if there were any liability herein, it would be the result of

some act of negligence on the part of its said officers or agents. In the exercise of its governmental functions, however, the State is not liable for the negligence of its officers or agents in the absence of a statute making it so liable.

All of the questions involved in the case were fully considered by the court on the hearing of the motion to dismiss, and the facts set forth in the complaint as amended, if true, do not constitute sufficient grounds for an award against the State.

Petition for rehearing is therefore denied.